### BUSH *vs.* THE STATE OF GEORGIA.

1. The verdict is supported by the evidence.
2. This court will not interfere with the discretion of the court below in refusing a continuance on the ground that a brother of the movant had gone to Alabama, and was an important witness, where no effort to secure his testimony or to find his whereabouts appears.
3. On a trial for burglary, the reasonable doubt which would acquit the prisoner is whether or not he is guilty of that offense, and not whether he is guilty of larceny from the house.   A charge to the latter effect was properly refused.

Criminal Law.   New Trial.   Before Judge CRAWFORD. Muscogee Superior Court.   November Term, 1879.

Reported in the decision.

THORNTON. & GRIMES, for plaintiff in error.

H. BUSSEY, solicitor-general, by JOHN PEABODY for the state.

CRAWFORD, Justice.

The defendant in the court below complains that the judgment refusing him a new trial in this case should be reversed because :

1. The verdict is contrary to evidence and the weight of evidence.

2. Because the court refused a continuance on the grounds set out in his motion therefor.

3. Because the court erred in refusing the following request to charge: "If the jury should have any reasonable doubt as to whether the case made by the state against the defendant, is burglary or larceny from the house, the jury should give the benefit of the doubt to the prisoner and acquit him;" instead of charging, "if the jury should have any reasonable doubt as to whether the case made by the state against the defendant is burglary or not, then the defendant should have the benefit of the doubt, and you should acquit. Further, even though you may believe him guilty of larceny from the house, unless it was burglariously committed, you cannot find him guilty."

It is upon the failure of the court below to see in these grounds the legal right of the defendant to a new trial that we are called upon to pass.

1. Was the verdict contrary to the evidence? Murray, the prosecutor, testified in substance that he was a gunsmith, had a shop in Columbus in which he worked and kept guns. That on Friday night, the thirty-first day of October, 1879, the room was broken open and two guns taken therefrom. The person entered by one of the windows, there being three to the room, two of which he kept fastened all the time, except in the summer, with iron hooks and staples, and nails driven above the hooks, and the shutters fastended. The other or front window was only fastened with a nail over the sash, the shutters with hook and staple. He locked the door and fastened the window that he kept open when he shut up that night; the others were shut when he left; if they had been open he would have seen and noticed it. On the next day, Saturday, he noticed the nail gone from over one of the windows and the same unfastened, he looked around and missed two guns. He at once suspected Bush, the defendant, who had been about there the day before. He lived in Chattahoochee county. Mr. Calhoun, another wit-

ness for the state, testified that on Sunday Mr. England and himself went down to Chattahooche county to see if they could find the defendant, Bush, and see if he had the guns ; they could not find him on that day. On Monday night following they secreted themselves near the house and upon some concerted plan created a confusion about the dwelling, which caused Bush to show himself at his hiding place in the woods not a great way off, and close by the spot where Calhoun had taken his position. Bush when thus discovered was captured with one of Murray's guns in his hands, and the other was found taken to pieces and hid behind a log. When Calhoun first captured him he asked him if he knew what was up, and he said yes, guns. As he was carrying him to Columbus he asked why he had taken the guns, he said he intended to carry them back.

None of the foregoing testimony was contradicted and nothing to weaken its legal effect, and the verdict was not therefore contrary thereto.

2. The next error complained of is the refusal to grant a continuance.

The motion was based on the absence of defendant's brother, by whom he said he expected to prove that he (his brother) had bought the guns stolen from a negro, and sold them to him. His brother had left for Alabama before his arrest and he had not been able to hear from him. He expected to be able to procure his testimony by the next term of the court.

The motion to continue was properly overruled because it did not show any effort to get his brother to be present at the trial. Nor that there had been even an inquiry made as to where he was, either by the witness himself or his friends or relations, and nothing had ever been heard of this proof until the motion to continue was made, although there was a preliminary examination.

The question of continuance must rest to a great extent where the law puts it, in the sound discretion of the judge

below, and unless there is a manifest abuse of that discretion, or a violation of some legal right of the party moving it, this court will not disturb his judgment.

3. As to the error complained of in ground three, we think that the request of counsel to charge was properly refused. The legal objection to the request was, that the defendant was being tried for burglary, and not for larceny from the house, and the proper charge was, that if they had any reasonable doubt as to his being guilty of burglary, then they should acquit. Any reasonable doubt that they might have had as to his being guilty of larceny from the house ought not to have entitled him to an acquittal. The law was given correctly as we think, and quite as favorably to the prisoner as he could have claimed it.

Judgment affirmed.